### ERNEST A. MATTHEWS v. THE STATE.

No. 3501. Decided April 14, 1915.

Rehearing denied May 12, 1915.

**Murder—Bill of Exceptions—Statement of Facts.**

Where the bill of exceptions and statement of facts showed that they were
not presented to and approved by the trial judge until more than one hundred
days after the adjournment of court, the same will not be considered, and in
the absence of a statement of facts, the case must be affirmed.

Appeal from the Criminal District Court of Harris. Tried below
before the Hon. C. W. Robinson.

Appeal from a conviction of murder; penalty, twenty-five years im-
prisonment in the penitentiary.

The opinion states the case.

*A. J. Schnitzel* and *V. M. Clark,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of murder and his pun-
ishment assessed at twenty-five years confinement in the penitentiary.

There are but two questions presented in the motion for a new trial:
one, that the evidence is insufficient to sustain the verdict, and the
other, that the court erred in failing to submit the issue of manslaughter
in his charge to the jury.

There is one bill of exceptions in the record, and it does not show
to have ever been filed in the trial court. The approval of the trial

judge, however, shows it was not presented to and approved by him until February 10th,—more than one hundred days after the adjournment of court.

The statement of facts also shows to have been presented to the trial court for his approval more than one hundred days after the adjournment of court for the term. Under such circumstances the motion of the Assistant Attorney General to strike them from the record must be sustained. And in the absence of a statement of facts it is impossible to determine whether or not the issue of manslaughter was raised by the testimony.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied May 12, 1915.—Reporter.]